UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MARVIN WILLIAM BOND**                                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:17-CV-P165-GNS**

**GARY D. BISHOP et al.**                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Marvin William Bond, proceeding *pro se and in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is incarcerated at the Christian County Jail in Hopkinsville, Kentucky. He names as Defendants Richland County, Ohio, prosecuting attorney Gary D. Bishop and Richland County, Ohio, Common Pleas Judge James DeWeese. He alleges that Defendants filed a detainer against him but failed to take him into temporary custody within 180 days in violation of his constitutional rights. He asks for monetary damages, as well as dismissal of charges against him and immediate release.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This action must be dismissed. First, the Western District of Kentucky is not the proper venue for Plaintiff's suit against two residents of Ohio. Because there is no special venue statute for § 1983 civil rights actions, the venue provisions of 28 U.S.C. § 1391 control. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Based on the allegations in the complaint, it is evident that the events set forth in the complaint occurred in Richland County, Ohio. Moreover, Defendants reside in Ohio.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, it would not be in the interest of justice to transfer this action because both Defendants are immune from § 1983 liability.

Plaintiff's claim against the prosecuting attorney relates to his conduct in his role as an advocate. To the extent the prosecutorial attorney, Defendant Bishop, was acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the State of Ohio's case, he enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Plaintiff's claim against state-court judge Defendant DeWeese is also barred by immunity. Under the doctrine of judicial immunity, judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial

immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable here.

Finally, to the extent that Plaintiff seeks release and dismissal of charges against him, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973); *see also Johnson v. Chisholm*, No. CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983).

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date: December 21, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.009

4